BARBARA A. MATTHEWS (SBN 195084)
Assistant U.S. Trustee
MATTHEW R. KRETZER (SBN 157949)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
1301 Clay Street, Suite 690N
Oakland, California 94612-5231
Telephone: (510) 637-3200
e-mail: matt.r.kretzer@usdoj.gov

Attorneys for AUGUST B. LANDIS
Acting U.S. Trustee

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: | Case No. 09-48501 N |
| AVENELLE LAWRENCE ARCHILLE, | Chapter 7 |
| Debtor. | |
| | Adversary Proceeding No: |
| AUGUST B. LANDIS, ACTING UNITED STATES TRUSTEE, | |
| Plaintiff, | |
| v. | |
| AVENELLE LAWRENCE ARCHILLE, | |
| Defendant. | |

## COMPLAINT FOR DENIAL OF DEFENDANT'S DISCHARGE

August B. Landis, the Acting United States Trustee for Region 17 ("U.S. Trustee" or "Plaintiff"), files this complaint objecting to Debtor's discharge and states the following.

**Jurisdiction, Venue and Other Preliminary Matters**

1. Plaintiff has standing to file this proceeding under Title 11, Section 727(c)(1) of the United States Code.

2. Venue in this Court is proper under 28 U.S.C. § 1409, based on the pendency of the above-captioned case in this Court.

3. This Court has jurisdiction to hear and determine this complaint pursuant to 28 U.S.C. §

157(b)(2)(J).

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## GENERAL ALLEGATIONS

1. AVENELLE LAWRENCE ARCHILLE (Defendant) filed her *Voluntary Petition*, *Schedules*, *Means Test* and *Statement of Financial Affairs (SOFA)* under Chapter 7 of title 11 on September 10, 2009.

2. Her *Schedules* indicate that Defendant owns residential real property in Louisiana.

3. Her *Schedules, Means Test* and *SOFA* indicate that Defendant was paying mortgage and other expenses but was receiving no income from the Louisiana property, and had received no income from the property in the prior two years.

4. Her *Schedule G* did not mention any lease of the Louisiana property.

5. In fact, Defendant received income with respect to the Louisiana property during all of 2009.

6. On November 4, 2009, Paul Mansdorf, the chapter 7 Trustee, conducted the Defendant's meeting of creditors.

7. At the meeting of creditors, Defendant testified under penalties of perjury, that her bankruptcy schedules and statements were true and accurate.

8. Because the Defendant's schedules and statements did not include the income received on the Louisiana property, they were not true or accurate.

9. On December 22, 2009, Plaintiff filed a motion to dismiss the case under 11 U.S.C. § 707(b) for abuse.

10. That motion was filed on the grounds that it was an abuse for Defendant to not pay her creditors while paying more than $2,000/month in mortgage expenses with respect to property that she did not live in and that produced no income.

11. In answer to Plaintiff's motion, Defendant converted her case to a case under Chapter 13 of the Bankruptcy Code.

12. Defendant amended her *Schedule I* to indicate that she had started receiving $2,000/month income with respect to the Louisiana Property.

13. On that basis, she proposed a chapter 13 plan.

14. Defendant also filed a new, chapter 13, *Means Test*

15. On April 19, 2010, Plaintiff requested information concerning when the Louisiana property had been rented.

16. On April 20, Defendant responded, via her attorney, that the property was vacant from June 2008 through December 2009 and first leased in January 2010.

17. That response was false.

18. On May 3, 2010 the Chapter 13 trustee filed a motion re-converting the Chapter 13 case to Chapter 7 or Dismissing the Chapter 13 proceeding on the grounds that Debtor failed to appear at the 341 hearing. The case was converted on July 7, 2010.

**FIRST CLAIM FOR RELIEF**

**§727(a)(3)-- Concealed Information**

19. Defendant concealed, destroyed, or failed to keep the 2008 lease agreement from which her financial condition or business transactions might be ascertained.

20. Such concealment was not justified under all of the circumstances of the case.

**SECOND CLAIM FOR RELIEF**

**§727(a)(4)-- False Oath Or Account**

21. In signing each of her original *Schedules*, *Means Test* and *SOFA* without disclosing the rental income she received during 2009, Defendant knowingly and fraudulently made three separate material false oaths.

22. In swearing at her meeting of creditors that her schedules and statements were true and accurate, Defendant again knowingly and fraudulently made a false oath.

23. In signing her amended *Schedules, Means Test and SOFA*, without disclosing the rental income she received during 2009, Defendant again knowingly and fraudulently made three more material false oaths.

///

///

///

**PRAYER**

WHEREFORE, the Plaintiff prays for a judgment denying Defendant's discharge pursuant to 11 U.S.C. Section 727(a) and for such other and further relief as the Court deems just and proper.

Dated: October 8, 2010            BARBARA A. MATTHEWS
Assistant U.S. Trustee, Oakland

By:     *Matthew R. Kretzer*
MATTHEW R. KRETZER
Trial Attorney

Attorneys for August B. Landis,
Acting U.S. Trustee